UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM NANCE, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) 1:10-cv-1399-LJM-TAB |
| | ) |
| DONNA R. CARNEYGEE. | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

William Nance seeks a writ of habeas corpus based on his claim that the prison disciplinary proceeding identified as No. CIC 10-07-0087 is tainted with constitutional error. In that proceeding, Nance was found guilty of prison rules by possessing electronic devices.

Upon being found guilty of the identified misconduct, Nance was sanctioned with 1) a written reprimand, 2) a thirty-day loss of commissary privileges and 3) a fifteen-day loss of earned credit time (suspended). Applicable rules of the Indiana Department of Correction provide: "the length of time that an offender may be under a suspended sanction is six (6) months from the date of the disciplinary hearing that imposed the suspended sanction." Nance was found guilty on July 8, 2010. As such, his suspended sanctions expired six months later, on January 8, 2011. Nance's suspended sanction was not enforced before January 8, 2011, meaning that the suspended sanction can never be enforced.

"A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000) (internal citations omitted). It is well established that the federal courts have no authority to rule where the case or controversy has been rendered moot. *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992). Thus, "if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed." *Id.* (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)). A court lacks jurisdiction over a claim which is moot. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997).

Nance seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). He is entitled to such a writ if he is "in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Obviously, therefore, being "in custody" is a requirement for seeking federal habeas relief. *See Maleng v. Cook,* 490 U.S. 488, 490 (1989); *Carter v. United States,* 733 F.2d 735, 736 (10th Cir. 1984), *cert. denied,* 469 U.S. 1161 (1985). "[T]he inquiry into whether a petitioner has satisfied the jurisdictional prerequisites for habeas

review requires a court to judge the 'severity' of an actual or potential restraint on liberty." *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 894 (2d Cir.), *cert. denied,* 519 U.S. 1041 (1996). A sanction which does not constitute "custody" cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam); *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

Two of the sanctions imposed in the challenged disciplinary proceedings–the written reprimand and the thirty-day loss of commissary privileges –did not result in the imposition of "custody" for purposes of the federal habeas statute. *Id.*

The other sanction imposed in No. CIC 10-07-0087, however, did result in the imposition of "custody." This was the sanction which was suspended, for Nance has a protected liberty interest in his earned credit time, and his earned credit time may not be taken away without the minimum requirements of due process. *Piggie v. McBride,* 277 F.3d 922, 924 (7th Cir. 2002). Analysis here, however, also requires the court to determine whether the fact that this sanction was suspended affects Nance's ability to satisfy the custody requirement. It does not. *See Cochran v. Buss,* 381 F.3d 637, 640 (7th Cir. 2004) (a suspended sanction of the deprivation of good time qualifies as the deprivation of a protected liberty interest sufficient to trigger the guarantees of due process in *Wolff v. McDonnell,* 418 U.S. 539 (1974)).

The respondent's motion to dismiss is not, however, based on any of the foregoing considerations, but is based instead on the fact that the suspended sanction was not invoked and now can no longer be imposed. A similar situation was also addressed in *Cochran,* where the Court of Appeals explained that in a situation where the suspended sanction has expired and was never invoked, the possibility of suffering an actual deprivation of credit time–and thereby lengthening the anticipated period of an inmate's confinement–the "in custody" requirement of the federal habeas statute is no longer satisfied and the claim has become moot. 381 F.3d at 640-41. Similarly, Nance's suspended sanction has expired, was never invoked and his claim has become moot.

As demonstrated above, Nance no longer satisfies the "in custody" requirement. The action is moot and thus must be dismissed for lack of jurisdiction. The respondent's motion to dismiss [10] is **granted.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/25/2011

*(signature)*
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana